## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RUBEN DELACRUZ and LUANN DELACRUZ, | : CIVIL ACTION NO.: |
| Plaintiffs, | : |
| v. | : |
| AIR & LIQUID SYSTEMS CORP., as successor to Buffalo Pumps, Inc.; CBS CORPORATION a Delaware Corporation a Pennsylvania Corporation f/k/a Viacom Inc., successor-by-merger with CBS Corporation f/k/a Westinghouse Electric Corporation and as successor in interest to B.F. Sturtevant; CRANE CO. individually and as successor to Jenkins Bros. and Weinman Pump Manufacturing Co., Chapman Valve Company and Cochrane; ELLIOTT TURBOMACHINERY CO., INC.; FOSTER WHEELER, LLC (Survivor to a merger with Foster Wheeler Corporation); GENERAL ELECTRIC COMPANY; HOWDEN NORTH AMERICA, INC., f/k/a Howden Buffalo, Inc. | : |
| Defendants | : NOVEMBER 29, 2017 |

## GENERAL ELECTRIC COMPANY'S NOTICE OF REMOVAL

TO:  THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF CONNECTICUT

Pursuant to Title 28 U.S.C. § 1442(a)(1) and 1446, Defendant General Electric Company ("GE") hereby removes an action filed against it in the Superior Court of the State of Connecticut, Judicial District of Fairfield at Bridgeport and gives notice of such removal. In support, GE respectfully offers the following:

## Preliminary Matters

1.      Plaintiff commenced this action against GE and several other defendants in the Superior Court of Connecticut, Judicial District of Fairfield at Bridgeport. The state court action is entitled *Ruben Delacruz et al. v. General Electric Company, et al* Docket No. FBT-CV17-6067924-S. A copy of the Summons and Complaint in the state court action is attached hereto as **Exhibit A**.

2.      Plaintiff served GE with the Summons and Complaint on November 1, 2017. The allegations of the Complaint include an allegation that Ruben Delacruz was exposed to asbestos containing products while serving in the United States Navy from 1950 to 1970. As more fully explained below, this allegation suggests that the case is potentially removable by GE under the federal officer removal statute. Without conceding that service of a complaint with this sort of allegation is sufficient to trigger the 30 day removal period under 28 U.S.C. § 1446(b)(1) and (3), GE is removing this case within 30 days after its receipt of the initial pleading setting forth the plaintiff's claim for relief.

## Nature of the Case

3.      This is a product liability action in which the plaintiff alleges that Ruben Delacruz was diagnosed as suffering from asbestos related mesothelioma and other asbestos related pathologies. More specifically, the plaintiff alleges that he was exposed to various asbestos containing products while serving in the United States Navy. Complaint, ¶ 5.

4.      The plaintiff asserts claims under the Connecticut Product Liability Act against GE and the other defendants. In particular the Complaint alleges that GE manufactured defective products and failed to warn potential users of its products of the health risks allegedly associated with exposure to asbestos, asbestos related products, asbestos related insulation products, asbestos-containing products, and products that contained, required or involved asbestos for use, operation or function, or for their products for which they recommended the use of asbestos for insulation and other purposes and installation and removal of asbestos on their products. Complaint, ¶¶ 11, 27.

## Grounds for Removal

5.      Federal jurisdiction exists in this case pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). GE supplied marine steam turbines and related propulsion and power generation equipment to the U.S. Navy for use in the construction of Navy ships and nuclear submarines. GE supplied these products pursuant to contracts and specifications executed by the U.S. Navy.

6.      Although the complaint does not specifically allege the circumstances under which the plaintiff was exposed to asbestos fibers and dust, it appears that the plaintiff is alleging asbestos exposure from the products GE supplied to the U.S. Navy for use on Navy ships and/or nuclear submarines.

7.      In the manufacture and sale of turbines and associated equipment for the U.S. Navy, including all aspects of warnings associated with those turbines and

equipment, GE was acting under and at the direction of the U.S. Navy. Therefore, GE will raise the government contractor defense in this case. *Boyle v. United Technology Corp.*, 487 U.S. 500, 512 (1987); *In re Joint E. and S.D.N.Y.Asbestos Litigation ("Grispo")*, 897 F.2d 626, 630 (2d. Cir. 1990)(recognizing applicability of government contractor defense in a failure-to-warn case). Under the circumstances of the instant case, GE was acting under an officer or agency of the United States within the meaning of 28 U.S.C. § 1442(a)(1). In several District of Connecticut cases identical with or similar to the case at hand, federal officer removal jurisdiction has been found to exist. *DeMatties v. ACMAT Corp.*, Dkt. No. 3:08cv116(WWE); *Olivar v. Buffalo Pumps, Inc.*, Dkt. No. 3:07cv1912(CFD); *Carroll v. Buffalo Pumps, Inc.*, Dkt. No. 3:08cv707(WWE); *Machnik v. Buffalo Pumps, Inc.*, 506 F. Supp. 2d 99 (D. Conn. 2007); *Contois v. Able Industries, Inc.*, 523 F. Supp. 2d 155 (D. Conn. 2007); *DeMarco v. General Electric Company*, Dkt. No. 3:09-cv-00373 (PCD) (D.Conn. May 29, 2009); *Allen v. General Electric Co.*, Dkt. No. 3:09-cv-0497 (JCH)(D.Conn. August 27, 2009); *Pianko v. General Electric Company*, 2010 U.S. Dist. LEXIS 15576 (D.Conn. February 23, 2010). See also, *Faddish v. General Electric Co.*, 2010 U.S. Dist. LEXIS 112937 (EDPA October 22, 2010) (granting summary judgment to General Electric Company based upon the government contractor defense in an asbestos failure-to-warn case).

8.  The removal was filed less than thirty days from the service of the pleading or other paper from which it was first ascertained that the case is removable and, therefore, is timely pursuant to 28 U.S.C. § 1446(b).

9.      Pursuant to 28 U.S.C. § 1446(d), GE will this day, or promptly thereafter, give written notice of the filing of this Notice of Removal to all adverse parties and will file a copy of the Notice of Removal with the clerk of the Superior Court.

>                            DEFENDANT
>                            GENERAL ELECTRIC COMPANY
>
>                            **/s/ Brett M. Szczesny**
>                            Brett M. Szczesny, Esq.
>                            Federal Bar No. ct19560
>                            Halloran & Sage LLP
>                            315 Post Road West
>                            Westport, CT  06880
>                            Telephone: (203) 227-2855
>                            szczesny@halloransage.com

## CERTIFICATION OF SERVICE

This is to certify that on this 29th day of November, 2017, a copy of the foregoing was filed electronically on the Court's CM/ECF system. Notice of this filing will be sent to all counsel of record for viewing via the Court's ECF system.

/s/ Brett M. Szczesny
Brett M. Szczesny

5119508v.1