# Exhibit A

## IN RE: ASBESTOS LITIGATION

| | |
|---|---|
| RETURN DATE: NOVEMBER 28, 2017 | : SUPERIOR COURT |
| | : |
| RUBEN DELACRUZ and LUANN DELACRUZ | : J.D. OF FAIRFIELD |
| | : |
| VS. | :AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORP., as successor by merger | : |
| to Buffalo Pumps, Inc., | : |
| CBS CORPORATION, a Delaware corporation, f/k/a | : |
| Viacom Inc., successor by merger to CBS Corporation, a | : |
| Pennsylvania corporation, f/k/a Westinghouse Electric | : |
| Corporation and as successor in interest to B.F. Sturtevant; | : |
| CRANE COMPANY, individually and as successor to | : |
| Jenkins Bros. And Weinman Pump Manufacturing Co., | : |
| Chapman Valve Company and Cochrane; | : |
| ELLIOTT TURBOMACHINERY CO., INC.; | : |
| FOSTER WHEELER L.L.C. (Survivor to a merger with | : |
| Foster Wheeler Corporation); | : |
| GENERAL ELECTRIC COMPANY; | : |
| HOWDEN NORTH AMERICA INC., f/k/a Howden | : |
| Buffalo, Inc. | : OCTOBER 31, 2017 |

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

## COMPLAINT

### COUNT I

1. The plaintiff, RUBEN DELACRUZ is a citizen of the State of Oklahoma and resides at 2125 Southwest 78th Street, Oklahoma City, Oklahoma.

2. The plaintiff, LUANN DELACRUZ is a citizen of the State of Oklahoma and resides at 2125 Southwest 78th Street, Oklahoma City, Oklahoma.

3. Each of the defendants, and/or their predecessors in interest (hereinafter referred to as the "Defendants"), named in the caption above conducted business in the state of Connecticut, has produced, manufactured or distributed asbestos and/or asbestos products with the reasonable expectation that such products were so used or consumed, and/or has committed the tortious acts set forth below.

4. The employer or employers of the plaintiff were engaged in various businesses in which they bought and/or installed asbestos products and materials.

5. The plaintiff was occupationally exposed to various asbestos containing products through his work in the United States Navy from 1950-1970. Such exposure contributed in part or totally to the plaintiff's contraction of asbestos-related mesothelioma and other asbestos-related pathologies.

6. During the period of time set forth above, the plaintiff was exposed to and did inhale and/or ingest asbestos dust, fibers, and particles, which dust fibers, and particles came from the asbestos products which were contracted for, mined, milled, processed, manufactured, designed,

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed and/or sold by the defendants.

7.  Upon information and belief, the defendants, through their agents and employees, mined, processed, manufactured, designed, tested and/or packaged various asbestos-containing products, and supplied, distributed, delivered, marketed and/or sold said asbestos-containing products to the employer(s) of the plaintiff or to others working at the various jobsites where the plaintiff was employed, or to third persons who, in turn, delivered and sold such products and materials to such employers or to others working at such jobsites for use by employees, including the plaintiff.

8.  At all relevant times that the plaintiff was working, the plaintiff was exposed to asbestos materials and products which, as part of the plaintiff's employment, the plaintiff was forced to come into contact with an breathe, inhale, and ingest asbestos fibers and particles coming from said asbestos products and materials.

9.  At all times pertinent hereto, the defendants were engaged in the business of contracting for, mining, milling, processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling asbestos and asbestos products.

10.  At all times pertinent hereto, the asbestos products contracted for, mined, milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and/or sold by the defendants reached the plaintiff without any substantial change in their condition from the time they were sold.

11. The actions of the defendants described and alleged above were wrongful under

Section 52-572m, et seq., in one or more of the following ways:

        (a)    Said asbestos-containing products were unreasonably defective in one or more of the following ways:

            1.    in that said products were and are unavoidably unsafe, and failed to carry proper, adequate and correct warnings about their hazards about which the defendant knew or should have known;

            2.    in that said products were and are unreasonably dangerous, in that they were and are dangerous to an extent beyond that which the ordinary worker in the position of the plaintiff would contemplate;

            3.    in that any warnings, information and/or safety instruction said products may have carried, were improper and inadequate in that they failed to apprise users and/or others, including the plaintiff, adequately and reasonably of the full hazards and dangers of coming in contact with said products, including the risk of cancer;

        (b)    The defendants knew or should have known that said asbestos-containing products were inherently dangerous to those who used them, yet the defendants failed to use reasonable and/or ordinary care in seeing to it that said products carried proper, adequate and correct warnings of the dangers of said products, and the exposure of the plaintiff and others like the plaintiff to these products was reasonably foreseeable to the defendants;

        (c)    The defendants breached warranties, either implied or expressed, in that these products were not fit and/or safe for their known and intended purposes and uses.

12. As a result of the above, the plaintiff is caused to sustain severe, painful and

permanent injuries referred to in Paragraph 5 and/or other asbestos-related pathologies caused by

the plaintiff coming into contact with and breathing, inhaling and ingesting asbestos fibers. The

injuries and diseases from which the plaintiff suffered caused the plaintiff to suffer great pain,

suffering, mental anxiety, distress of mind, humiliation, emotional trauma and mental anguish.

13. The disease, diseases or injuries from which the plaintiff suffers was directly and

proximately caused by the plaintiff 's exposure to asbestos and asbestos products which were

mined, milled, manufactured, designed, assembled, distributed, supplied, constructed, processed, packaged, distributed, delivered, purchased and/or sold by the defendants.

14.  As a result thereof, the plaintiff's life span has been shortened and the plaintiff's capacity to carry on life's activities is impaired along with the plaintiff's capacity to enjoy life and family, to engage in any gainful employment, and to participate in civic affairs.

15.  As a result of said illness, the plaintiff is obligated to incur expenses for medical, hospital and surgical treatment, drugs, medicines, x-rays and medical apparatus.

16.  As a further result of said illness, the plaintiff's earning capacity is impaired.

17.  The defendants knew or should have known that the asbestos products and materials were inherently dangerous to those who used, handled or came in contact with said products and materials.

18.  The defendants failed to provide proper, adequate and correct warnings and information concerning the dangers of the products and materials to persons using, handling, or coming into contact therewith.

19.  The defendants failed to provide proper, adequate and correct warnings and instruction of safety precautions to be observed by users, handlers and persons, including the plaintiff, who would reasonably and foreseeably come into contact with the said products and materials.

20.  Any warnings, information and/or instructions of safety precautions were improper and inadequate in that, among other things, they failed adequately and reasonably to apprise users, handlers and persons coming into contact with the said products and materials, including the

plaintiff, of the full scope and danger to their health of contact with asbestos products and materials, including the risk of cancer.

21.  The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information clearly indicated that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and other human beings.

22.  The defendants, during the 1930's, 1940's, 1950's, and 1960's became possessed of voluminous medical and scientific data, studies and reports, which information conclusively established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to the products.

23.  The defendants have since the 1930's had numerous workers' compensation claims filed against them by former asbestos workers/employees.

24.  The defendants, since the 1920's, have consistently failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

25.  Notwithstanding that the defendants possessed the foregoing information, the defendant wrongfully contracted for, mined milled, processed, manufactured, designed, tested, assembled, fashioned, fabricated, packaged, supplied, distributed, delivered, marketed, and sold asbestos products and materials to the plaintiff, the plaintiff 's employer(s) and/or to others working at the various jobsites and places of employment of the plaintiff and the defendants failed to render proper, adequate and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to render proper, adequate

and correct warnings, advice, instruction and information and so acted in a grossly negligent, malicious, willful and wanton manner, failed to use reasonable care under all circumstances, and wrongfully acted in other respects.

26.  It was the continuing duty of the defendants to advise and warn purchasers, consumers, and users, and all prior purchasers, consumers, and users, of all dangers, characteristics, potentialities and/or defects discovered subsequent to their initial marketing or sale of said asbestos and asbestos products.

27.  The defendants breached these duties by:

(a)  failing to warn the plaintiff of the dangers, characteristics, and/or potentialities of the product or products when they knew or should have known that the exposure to the product(s) would cause disease and injury;

(b)  failing to warn the plaintiff of the dangers to which the plaintiff  was exposed when they knew or should have known of the dangers;

(c)  failing to exercise reasonable care to warn the plaintiff of what would be safe, sufficient, and properly protective clothing, equipment, and appliances when working with, near or during exposure to asbestos and asbestos products;

(d)  supplying asbestos or asbestos products that were packaged, bagged, boxed and/or supplied to the plaintiff in packaging, bagging, boxes or other containers that were inadequate and/or improper;

(e)  supplying asbestos or asbestos products that were delivered to and reached the plaintiff without adequate or proper handling instructions, face masks and/or respirators;

(f)  failing to test the asbestos and asbestos products in order to ascertain the extent of dangers involved upon exposure;

(g)  failing to conduct such research that should have been conducted in the exercise of reasonable care in order to ascertain the dangers involved upon exposure;

(h)  failing to remove the product or products from the market when the defendants corporations knew or should have known of the hazards of exposure to asbestos and asbestos products;

(i)  failing upon discovery of the dangers, hazards, and potentialities of exposure to asbestos adequately to warn and apprise the plaintiff of the dangers, hazards, and potentialities discovered;

(j)  generally using unreasonable, careless, and negligent conduct in the contracting for, mining, milling processing, manufacturing, designing, testing, assembling, fashioning, fabricating, packaging, supplying, distributing, delivering, marketing, and/or selling of their asbestos and asbestos products.

28.  The plaintiff brings this Count pursuant to Connecticut General Statutes Sections 52-240a, 52-240b, and 52-572m et seq.

WHEREFORE, the plaintiff, RUBEN DELACRUZ claims damages.

## COUNT II

### (As to Plaintiff LUANN DELACRUZ and all Defendants)

1.-34. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

35.  As a result of the foregoing injuries and damages suffered by the plaintiff, the said plaintiff's spouse has and will sustain damages by virtue of his/her loss of consortium with the plaintiff and the loss and impairment of the plaintiff's services, protection, care and assistance, society, companionship, affection, love, comfort, support, guidance, and kindly offices and advice, and other benefits of the marital relationship.

WHEREFORE, the plaintiff, LUANN DELACRUZ, claims damages.

## COUNT III

1.- 35. Plaintiff(s) repeat and reallege all allegations contained in all paragraphs above as is fully set forth herein.

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

36. The defendants have been possessed of medical and scientific data, studies and reports since approximately 1929, which information indicated that asbestos and asbestos-containing products were hazardous to their health and safety of the plaintiff and other human beings.

37. The defendants, during the 1930's, 1940's, 1950's and 1960's became possessed of medical and scientific data, studies and reports, which information established that asbestos and asbestos-containing products were hazardous to the health and safety of the plaintiff and all humans exposed to those products.

38. The defendants, since the 1920's, have failed to acknowledge, publish, or in any way advise of studies and reports known throughout the industry, including studies conducted by or on behalf of various defendants in the asbestos industry.

39. Notwithstanding that the defendants possess the foregoing information, the defendants committed some or all of the wrongful acts and/or omissions described and alleged in paragraph 11 of the First Count.

40. Said acts and omissions thus constitute misconduct that is grossly negligent, willful, wanton, malicious and/or outrageous.

WHEREFORE, RUBEN DELACRUZ & LUANN DELACRUZ demand judgment and damages against the Defendant(s), jointly and severally, plus interest, costs, and whatever other further relief this Honorable Court deems right and just.

THE PLAINTIFF


BY:   s/ 417342 _____
Christopher Meisenkothen
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080

| IN RE: ASBESTOS LITIGATION |
|---|

RETURN DATE: NOVEMBER 28, 2017      : SUPERIOR COURT

     :

RUBEN DELACRUZ and LUANN DELACRUZ      : J.D. OF FAIRFIELD

     :

VS.      : AT BRIDGEPORT

     :

AIR & LIQUID SYSTEMS CORP., ET AL.      : OCTOBER 31, 2017

         WHEREFORE, the plaintiff, RUBEN DELACRUZ & LUANN DELACRUZ claims as to the defendants:

1. Full, fair and just money damages;

2. Punitive and exemplary damages, including attorney's fees;

3. Statutory punitive damages and reasonable attorney's fees pursuant to General Statutes Sections 52-240a and 52-240b (First Count);

4. Costs of this action.

                     THE PLAINTIFF

                     BY:   s/417342            
                     Christopher Meisenkothen
                     Early, Lucarelli, Sweeney & Meisenkothen, LLC
                     One Century Tower, 11th Floor
                     265 Church Street P.O. Box 1866
                     New Haven, CT 06508-1866
                     (203) 777-7799
                     Juris No. 409080
                     Their Attorneys

| IN RE: ASBESTOS LITIGATION |
|---|

| | |
|---|---|
| RETURN DATE: NOVEMBER 28, 2017 | : SUPERIOR COURT |
| | : |
| RUBEN DELACRUZ and LUANN DELACRUZ | : J.D. OF FAIRFIELD |
| | : |
| VS. | : AT BRIDGEPORT |
| | : |
| AIR & LIQUID SYSTEMS CORP., ET AL. | : OCTOBER 31, 2017 |

The amount, legal interest and property in demand is not less than $15,000.00, exclusive

of interest and costs.

THE PLAINTIFF

BY:   s/417342
Christopher Meisenkothen
Early, Lucarelli, Sweeney & Meisenkothen, LLC
One Century Tower, 11th Floor
265 Church Street P.O. Box 1866
New Haven, CT 06508-1866
(203) 777-7799
Juris No. 409080
Their Attorneys

EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN
An Association of Professional LLCs
EARLY, LUCARELLI, SWEENEY & MEISENKOTHEN, LLC
ONE CENTURY TOWER • 11th FLOOR • 265 CHURCH STREET
NEW HAVEN, CONNECTICUT 06510 • (203) 777-7799 • JURIS. NO. 409080